United States District Court
Southern District of Texas
**ENTERED**
September 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ESEQUIEL OCHOA, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 6:23-CV-00038 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie Hampton's Memorandum and Recommendation ("M&R"). (D.E. 41). The M&R recommends that the Court grant the pending motion for summary judgment and deny Petitioner's 28 U.S.C. § 2254 petition. (D.E. 41, p. 14). Petitioner, an inmate in the custody of the Texas Department of Criminal Justice ("TDCJ"), has timely filed objections. (D.E. 48); *see also* (D.E. 41, p. 15).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Parties filing objections must specifically identify those findings objected to. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (superseded by statute on other grounds, 28 U.S.C. § 636(b)(1))). The Court addresses each of Petitioner's objections and

statements. Some of Petitioner's statements do not appear to be objections, but to the extent that they are, the Court addresses them in the order that Petitioner states them.

Petitioner first notes "that his fight is not against [the] administration, but with the courts[.]" (D.E. 48, p. 1). Judge Hampton's M&R addresses that Petitioner made this argument at the disciplinary hearing. (D.E. 41, p. 4). This does not appear to be an objection, but the Court acknowledges this argument—Petitioner has no fight with the administration.

He next argues that he has three additional eyewitnesses that would assist his defense to his disciplinary case—but that he "needs to be released to gather" them. (D.E. 48, p. 1). While this does not appear to be an objection to any of the M&R's conclusions, to the extent that it is, the Court addresses it. *Id.* To the extent that Petitioner argues that his disciplinary hearing was unfair because he was unable to present eyewitnesses, Petitioner must first exhaust his available administrative remedies before he can raise this argument before the Court. *See* 28 U.S.C. § 2254(b)(1)(A). To challenge a disciplinary decision, a prisoner "must exhaust the TDCJ's internal grievance procedure." *Douglas v. Dir., TDCJ-CID*, No. 1:18-CV-312, 2021 WL 3721201, at *1 (E.D. Tex. Aug. 23, 2021) (Heartfield, J.) (citing *Broussard v. Johnson*, 918 F.Supp. 1040, 1043 (E.D. Tex. 1996) (Justice, J.); and then citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). Here, Petitioner filed a grievance with TDCJ. (D.E. 34-2, p. 3–4, 5–6). As the M&R states, this grievance was denied. (D.E. 41, p. 4). After reviewing Petitioner's Step 1 and Step 2 grievance forms, the Court fails to find any mention of unfairness due to missing eyewitnesses. *See* (D.E. 34-2, p. 3–6). "A federal court may not grant habeas corpus relief based on a prison disciplinary case if the petitioner has failed to exhaust all administrative remedies[.]" *Douglas*, 2021 WL 3721201, at *1 (citing *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980) and collecting cases). Because Petitioner has not exhausted his administrative remedies as to his

argument regarding the denial of an opportunity to present eyewitnesses, the Court cannot grant him relief on those grounds. Further, as the M&R states, this claim is procedurally defaulted because Petitioner cannot exhaust this claim through the grievance procedure since it is too late. (D.E. 41, p. 7–8) ("Under TDCJ guidelines, an offender must file a Step 1 grievance within 15 days of the incident complained of, [so] [Petitioner] cannot raise a claim about prison disciplinary procedures in a state habeas application." (footnote and citation omitted)). Finally, as the M&R states, Petitioner does not explain why he could not have raised this issue earlier. *Id.* at 8. In sum, the Court has reviewed this issue de novo and agrees with the M&R's conclusion. As such, to the extent this is an objection, the Court **OVERRULES** this objection. (D.E. 48, p. 1).

This next argument does not appear to be an objection to the M&R, but the Court will nevertheless address it. Petitioner argues that the Court should review his motion for furtherance of injunction. (D.E. 48, p. 2). However, the M&R does not deal with Petitioner's motion for injunction. *See* (D.E. 41). This objection does "not show any error in the Magistrate Judge's analysis." *Corbett v. Aransas County*, No. 2:23-CV-00111, 2024 WL 195962 at *5 (S.D. Tex. Jan. 18, 2024) (Ramos, J.) *appeal docketed*, No. 24-40162 (5th Cir. March 12, 2024). As such, to the extent this is an objection, the Court **OVERRULES** this objection. (D.E. 48, p. 1).[1]

Next, Petitioner's objections also contain allegations that other inmates are going "to beat [him] up[.]" (D.E. 48, p. 2).[2] To the extent that Petitioner alleges that the TDCJ is failing to protect him, this is a claim better suited for a civil rights suit, or a 42 U.S.C. § 1983 case. The instant case

---

[1] Further, the Court has in fact reviewed Petitioner's Motion for Leave of Court to File a Furtherance of Injunction. (D.E. 45). Nothing in this motion changes the Court's conclusion here that this argument should be overruled.

[2] Petitioner also includes similar allegations in his Motion for Leave of Court to File a Furtherance of Injunction. (D.E. 45). As the Court concludes, the Court cannot grant habeas relief to the extent Petitioner seeks civil rights relief.

is a habeas case. The Court is unable to grant habeas relief to the extent Petitioner attempts to bring a civil rights claim. As such, to the extent this argument is an objection, the Court **OVERRULES** this objection. (D.E. 48, p. 2).

Petitioner next objects to the M&R by saying that he has "a protectable liberty interest that is violated by the result of the disciplinary conviction." (D.E. 48, p. 4 (citing *Teague v. Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007)). Petitioner correctly notes that "when a state inmate enjoys a constitutional expectancy to an early release from prison based on the accumulation of good-time credits, he has a protected liberty interest[.]" *Teague*, 482 F.3d at 774. Petitioner further requests that the Court review this issue de novo. (D.E. 48, p. 4). The Court has reviewed this issue de novo and has come to the same conclusion as the M&R: because the Texas Government Code does not allow for inmates convicted of indecency with a child (like Petitioner) to be released on mandatory supervision, Petitioner has no protectable liberty interest. (D.E. 41, p. 10–13). As such, the Court **OVERRULES** this objection. (D.E. 48, p. 4).

Finally, Petitioner argues that "[t]he record here is conflicting" and that he "has had no disciplinary" record over the past ten years. (D.E. 48, p. 5). He further questions why he would commit misconduct now and claims that "it does not make sen[s]e." *Id.* at 6. While the Court agrees that the record shows that Petitioner does not have a discipline record (other than the recent discipline case that gave rise to this suit), Petitioner gives no reason why this fact means he is entitled to habeas relief. The Court encourages Petitioner to continue to not commit misconduct. However, because this objection does "not show any error in the Magistrate Judge's analysis." *Corbett*, 2024 WL 195962 at *5, the Court **OVERRULES** this objection. (D.E. 48, p. 5–6).

Petitioner last requests that the Court "review the cause de novo" and grant him a certificate of appealability. *Id.* at 6. The Court **GRANTS** Petitioner's request for de novo review, *id.*, and the Court has reviewed his case de novo.

However, the Court finds that Petitioner is not entitled to a certificate of appealability. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As stated above, Petitioner fails to make such a showing. Because Petitioner has not shown that "reasonable jurists would find" the Court's assessment of these constitutional claims to be wrong, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Court must deny Petitioner's request for a certificate of appealability. As such, to the extent that his request for a certificate of appealability is an objection to the M&R, the Court **OVERRULES** this objection and **DENIES** Petitioner's request for a certificate of appealability. (D.E. 48, p. 6).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 48), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 41). Accordingly, Respondent's motion for summary judgment, (D.E. 35), is **GRANTED** and Petitioner's § 2254 petition is **DENIED**, (D.E. 1). Finally, the Court **DENIES** Petitioner's request for a Certificate of Appealability. (D.E. 48, p. 6).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
September 30th, 2024